## Case No. 2,227.

### In re BUSHEY.

[3 N. B. R. 685 (Quarto, 167);[1] 27 Leg. Int. 111.]

District Court, E. D. Pennsylvania. March 31, 1870.

BANKRUPTCY—NOTICE TO CREDITORS — DUTY OF REGISTER.

Proper notice must be given by the assignee to creditors, and the register should see that this duty is performed. The non-performance of it renders the bankrupt liable to lose his right to a discharge.

[Cited in Re Blaisdell, Case No. 1,488.]

[In the matter of Michael N. Bushey, a bankrupt.]

CADWALADER, District Judge. The clerk has shown to me a letter from the assignee, which may be filed among the papers of the case. The court of bankruptcy, for all purposes of the auditing, settlement, and adjournment of assignee's accounts, under the 27th and 28th sections of the act of congress, and of distribution under them, is held provisionally by the register, whose acts are, of course, subject to exception. Full opportunity for exception at the public meeting, or an adjourned session of such meeting, should be afforded to all parties interested. The assignee should see that proper special notice be given to creditors who have, and to those that may not have previously proved their debts; and the register should see that this moral and legal duty of the assignee has not been neglected. A bankrupt who allows omissions to occur in these respects may, through neglect of his duty to creditors, lose

the right to a discharge. After all due precautions have been thus adopted, exceptions must be taken before the register, and certified by him to the court with his report. Exceptions, unless upon special cause shown, are not afterwards received by the court. If no exception is certified, the acts of the register are, in themselves, acts of the court, without any formal judgment of confirmation. Such a judgment could never be advisedly made here. In all cases, under this head, the register will so report as to show particularly how notices and opportunity for exception have been given.